# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| ASHLEY A. OLSEN, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN ACCOUNT SYSTEM, INC. d/b/a E-CENTER, <br><br> Defendant. | Case No. 1:22-cv-00234 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.;** <br><br> **2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;** <br><br> **3. THE WISCONSIN CONSUMER ACT (WIS. STAT. §427.103ET SEQ.)** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Ashley A. Olsen ("Plaintiff"), by and through her undersigned counsel, complaining of Eastern Account System, Inc. d/b/a E-Center as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Eastern Account System, Inc. d/b/a E-Center seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*,; violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and violations of the Wisconsin Consumer Act (WIS. STAT. §427.103ET SEQ).

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the

1

action arises under the laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Eastern District of Wisconsin.

6. Eastern Account System, Inc. d/b/a E-Center ("Defendant") is a Connecticut company with its registered office address in Sandy Hook, Connecticut, and it specializes in providing debt collection services to its clients in the financial services industry.

7. Defendant regularly and systematically does business in Wisconsin and across the United States. Defendant regularly attempts to collect debts allegedly owed by consumers residing in Wisconsin.

8. Specifically, Defendant uses sophisticated technology tools, and innovative methods for collecting your delinquent accounts, Eastern recovers uncollected debt at the highest rate in the industry through its eCenter collections call center. [1]

## FACUTAL ALLEGATIONS

9. Prior to the events giving rise to this action, Plaintiff started receiving monthly services from Charter Communications, Inc. d/b/a Spectrum ("Spectrum").

---

[1] https://easternaccounts.com/ last accessed on February 24, 2022

10. Shortly after Plaintiff fell behind on payments owed, then a party purporting to be "Spectrum" started placing collection calls to Plaintiff's cellular phone number attempting to collect on a balance to Spectrum ("subject debt").

11. At all times relevant, Plaintiff believed the collection calls to have been placed by Spectrum.

12. Plaintiff began receiving collection calls to her cellular phone number ending in 4156 from Defendant, in an attempt to collect on an alleged past due bill ("subject debt").

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4156.

14. At all times relevant, Plaintiff's number ending in 4156 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and its services.

16. In the calls made to Plaintiff, Plaintiff explained to Defendant that she was struggling financially and that their calls are unwelcomed and would no longer like to receive calls to her cellular phone.

17. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

18. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

19. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

20. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

21. Upon information and belief, Defendant placed its calls to Plaintiff's telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

22. Upon information and belief, Defendant used numerous numbers to contact Plaintiff with her consent.

23. In total, Defendant placed numerous calls to Plaintiff's cellular phone after Plaintiff initially requested that Defendant cease contact with her.

24. On August 26, 2021, Plaintiff initiated arbitration proceedings against Spectrum seeking redress for the abusive collection calls.

25. In the course of arbitration proceedings, Spectrum disclosed that it was "EASTERN ACCOUNT SYSTEM, INC. d/b/a E-CENTER" that placed all the collection calls to Plaintiff on behalf of Spectrum.

26. Specifically, Plaintiff did not discover that it was Defendant that was placing the collection calls until December 2021 when Spectrum responded to Plaintiff's interrogatories.

27. Prior to December 2021, Plaintiff could not have known it was actually Defendant that was placing the calls to her because Defendant's agents always identified themselves as "Spectrum" in the phone calls that Plaintiff answered.

4

28. At all times relevant, Defendant acted as an agent of Spectrum.

29. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

31. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## COUNT I
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

34. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly

5

in default on their payments.

35. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

36. Upon information and belief, based on the noticeable pause, Defendant used an ATDS to place calls to Plaintiff's telephone.

37. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without her prior consent.

38. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone, between August 2021 and the present day, using an ATDS without her prior consent.

39. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call.

40. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

41. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

42. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

43. Upon information and belief, Defendant knew its collection practices violated the

6

TCPA, yet continued to employ them in order to maximize efficiency and revenue.

44. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, Ashley A. Olsen, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

    b. an award of statutory damages of at least $500.00 for each and every violation;

    c. an award of treble damages of up to $1,500.00 for each and every violation; and

    d. an award of such other relief as this Court deems just and proper.

## COUNT II
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

48. The subject debt that Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because Plaintiff used the Spectrum accounts for personal purposes.

49. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

50. Specifically, upon information and belief, Plaintiff is not the only delinquent consumer that Defendant has collected upon.

51. Upon information and belief, Defendant has collected upon countless consumers

across the country and within the State of Wisconsin.

   a. **Violations of the FDCPA §1692c**

   52.   Defendant violated §1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications.

   53.   This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive.

   54.   Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt despite having actual knowledge that Plaintiff did not want to receive any calls.

   55.   Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

   56.   Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

   a. **Violations of FDCPA §1692d**

   57.    Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

   58.    §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

   59.    Defendant violated §§1692d and d(5) when it placed dozens of collection calls to

Plaintiff's cellular phone number from March 2021 to present attempting to collect the subject debt.

60. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

61. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

62. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

63. Defendant violated §1692d(6) by falsely identifying itself as "Spectrum" instead of identifying itself by its real name.

64. At no time during any communications with Plaintiff did Defendant notify Plaintiff that it was not actually Spectrum and merely calling on behalf of Spectrum.

65. Such conduct is deceptive and is expressly prohibited by the FDCPA.

   **b. Violations of FDCPA §§1692f**

66. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

67. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect a debt by placing dozens of collection calls to Plaintiff's cellular phone number from August 2021 through present.

68. In addition, it was unfair that Defendant falsely identified itself as "Spectrum" instead of identifying itself by its real name.

9

### c. Violations of FDCPA §1692e

69. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

70. Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

71. Defendant violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Spectrum during phone calls with Plaintiff.

**WHEREFORE,** Plaintiff, Ashley A. Olsen, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;
c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III
### The Wisconsin Consumer Act (Wis. Stat. §427.103 *et seq.*)

72. Plaintiff restates and realleges paragraphs 1 through 71 as though fully set forth herein.

73. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of the subject debt from Plaintiff personally.

74. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer

10

credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

75. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff.

76. It was unfair for Defendant to relentlessly contact Plaintiff through means of numerous phone calls when she notified Defendant to cease calling her.

77. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her prior consent.

78. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make a payment.

79. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

80. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.

81. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts.

82. Plaintiff demanded Defendant to stop contacting her, yet she was still bombarded with collection phone calls from Defendant.

83. In an unfair and deceptive manner, Defendant called Plaintiff numerous times.

84. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission.

85. After the conversation in which Plaintiff notified that she wanted Defendant to stop calling her, Defendant had more than enough information to know that it should not continue calling her telephone number.

86. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff Ashley A. Olsen respectfully requests that this Arbitrator:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Arbitrator deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 25, 2022　　　　　　　　Respectfully submitted,

/s/ Victor T. Metroff
Victor T. Metroff, Esq.
Mohammed O. Badwan Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com